PearsoN, C. J.
The demurrer raises the question, whether the jurisdiction of a Court of Equity can be invoked, to compel a Sheriff who has sold land under ’ an execution (tbe judgment and execution and ’ sale being in all respects regular) to execute a deed to tbe purchaser, who offers, and has always been ready to pay the purchase money ; in other words, to compel a Sheriff to do Ms duty., This-has hitherto been considered tbe exclusive function of tbe Court, under whose authority be acted in making tbe sale. We are at a loss to conceive under what bead of equity tbis jurisdiction is supposed to be embraced, in tbe absence of an argument in support of .the equity of tbe bill, or of any reference to a precedent for the-exercise.of tbe jurisdiction. The purchaser has a plain, and an adequate, and .a speedy. remedy at law, by putting tbe Sheriff under a rule.
*88 We can sec no special ground for tbe interference of tbis Court. It is true, the bill alleges, that after the sale, and in fraud of it, the execution continued to be issued, the Sheriff having made no return of the sale ; and thereupon a second sale was made by the new Sheriff, at which sale the old .Sheriff, one of the • defendants in this case, became the purchaser. But there is no allegation that a deed has been executed to the defendant, Carr, the old .Sheriff. We are inclined to the opinio'n that if a deed had been executed to him by the new Sheriff, in completion of the second sale, that would have “been a. ground for coming into this Court; for thereby the title would have passed to him as an individual, which might have rendered it impossible for him to comply with a rule of the Court'out of which the execution issued, to mate title, under his power .of sale as .Sheriff, to the plaintiff; and thereby made it necessary to convert him into a trustee, holding the legal title, on the ground that he had acquired it by fraud.
But there is no allegation that there was a deed to him. So, he has not acquired the legal title, and there, is no ground for equity, to assume jurisdiction, in order to convert him into a trustee.
Demurrer sustained, and hill dismissed with costs.